IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS GIOVANNELLI, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 22-cv-02160 |
| PIXELS.COM, LLC, | ) ) Judge Jeffrey I. Cummings ) |
| Defendant. | ) ) |

**PIXELS' STATEMENT OF FACTS IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**

Defendant, Pixels.com, LLC ("Pixels"), by and through its attorneys, hereby submits its Statement of Facts in support of its Motion for Summary Judgment.

1. This Court has jurisdiction and venue over this action. (ECF 2 ¶¶ 6-15).

2. Pixels is a print-on-demand internet platform where contributors select and upload images that they want to sell on products to consumers. (Ex. A, Declaration of Sean Broihier ¶ 2).

3. When a contributor uploads an image to Pixels, it selects the products on which the image could be placed and purchased. (*Id.* ¶ 3).

4. The contributor applies any descriptions and descriptive terms associated with the image that is uploaded. (*Id.* ¶ 4).

5. Internet users searching for photographs on Pixels' website can use those search terms to search for images. (*Id.* ¶ 5).

6. Pixels does not want infringing content on its website and, accordingly, any contributors wishing to upload any content to the website must first agree to Pixels' contributor terms of use wherein contributors represent and warrant that they "(i) [ ] own the Content posted by [the contributor] on the Website or otherwise have the right to grant the license set forth in this section, and (ii) [the contributor's] Content does not violate the privacy rights, publicity rights, copyright rights, or other intellectual property rights of any person." (*Id.* ¶ 6).

7. Further, if an intellectual property holder discovers an infringement of its rights on the website, Pixels utilizes a notice-and-takedown policy whereby anyone who claims an image appearing on Pixels is infringing on that person's rights can notify Pixels to that fact, and Pixels will promptly disable the URL where the image is located. (*Id.* ¶ 7).

8. On March 17, 2009, U.S Army Staff Sergeant Adam Mancini snapped a photograph ("the Photograph") of Plaintiff Nicholas Giovannelli while he was engaged in a combat patrol outside Forward Operating Base Baylough in Afghanistan. (Ex. B, Nicholas Giovannelli Dep. [Giovannelli Dep.] at pp. 19-20).

9. The Photograph was at all relevant times, including today, publicly available on the Department of Defense's website for download, with the title "Spc. Nick Giovannelli crosses a river." (Ex. C, *Spc. Nick Giovannelli crosses a river.*, U.S. DEPARTMENT OF DEFENSE, https://www.defense.gov/Multimedia/Photos/igphoto/2002026863 (last visited Jan. 9, 2024).

10. The Photograph was on that website when the President of StockTrek Images, Ryan Rossotto, located and downloaded the Photograph from the Department of Defense website. (Ex. D, Ryan Rossotto Dep. [Rossotto Dep.] at pp. 114-115).

11. StockTrek Images had an agreement with its licensees to use its images. (Ex. D, Rossotto Dep. at pp. 101, 122).

12. The Photograph was supposed to be used only for editorial use only, not commercial use, but was mistakenly put in StockTrek's Images' section for commercial use. (Ex. D, Rossotto Dep. at pp. 54-58).

13. StockTrek uploaded the Photograph to Pixels.com on December 8, 2011, pursuant to Pixels' contributor terms of use. (Ex. A, Broihier Decl. ¶ 8).

14. When StockTrek uploaded the Photograph to Pixels, it also selected the products on which the Photograph could be placed and purchased and applied any descriptions and descriptive terms associated with the Photograph that appeared on Pixels. (*Id.* ¶ 9).

15. Internet users searching for photographs on Pixels could use those search terms to search for the Photograph. (*Id.* ¶ 10).

16. The Photograph remained on the Pixels website in the same form and at the same URL from December 8, 2011, until it was disabled shortly after this lawsuit was filed. (*Id.* ¶ 11).

17. On July 11, 2020, Plaintiff's friend Antonio Macias alerted Plaintiff that the Photograph was available for sale on Walmart's website. (Ex. B, Giovannelli Dep. at p. 19).

18. After learning about the Photograph's availability for purchase on the Walmart website, Plaintiff "did a Google search" "roughly [the] same day thereafter" and saw the Photograph also available for purchase on Pixels. (*Id.* at p. 20:9-23).

19. It was then that Plaintiff discovered that products on which the Photograph could be placed were being sold on the Pixels website and other marketplaces.[1] (*Id.* at pp. 23:20-24:5).

20. Plaintiff admits that there were several websites using his image on posters, and Pixels.com was one of those websites. (Ex. E, Plaintiff Answer to Pixels' Interrogatory No. 9).

21. Pixels disabled the URL containing the Photograph when it learned about the lawsuit, which was the first time Pixels discovered the Photograph's existence or that StockTrek may not have the rights in the Photograph that it represented to Pixels. (Ex. A, Broihier Decl. ¶ 12).

22. Pixels sold no products bearing the Photograph in the over nine years that the Photograph was on Pixels.com. (*Id.* ¶ 13).

23. Pixels earned no revenue from the Photograph. (*Id.* ¶ 14).

---

[1] Plaintiff produced a black-and-white copy of what appears to be the Pixels URL where StockTrek Images uploaded the Photograph for purchase on products of StockTrek's choosing. (*See* GIOVANNELLI000026-29, attached hereto as Exhibit F). That copy, which Plaintiff or his counsel appear to have copied on October 20, 2020, shows that 59 people from across the world had previously viewed that URL. (Ex. F, GIOVANNELLI000027). Since Plaintiff testified that he had already seen it on "roughly" July 11, 2020, he was one of those views.

24. Soon after viewing his image on the internet Plaintiff contacted his father, who in turn contacted Plaintiff's counsel. (Ex. B, Giovannelli Dep. at p. 24).

25. Plaintiff filed this lawsuit on January 6, 2021 asserting claims against Pixels, Walmart, Amazon, Posterazzi, and Stocktrek Corporation over sales of products with the same photograph. (Case No. 21-cv-01092 ECF 2-1, p.6).

26. Plaintiff received a medical discharge from the Army in 2014 and was diagnosed with post-traumatic stress disorder at that time. (Ex. B, Giovannelli Dep. at pp. 15, 30-31).

27. Plaintiff continued to experience and was treated for post-traumatic stress from 2014 up until and after he learned of the Walmart and Pixels websites offering the Photograph in July 2020. (Ex. G, GIOVANNELLI000099-102).

PIXELS.COM, LLC

By:/s/ *James K. Borcia*
One of Its Attorneys

James K. Borcia (*jborcia@tresslerllp.com*)
Tressler LLP
233 S. Wacker Drive 61st Floor
Chicago, IL 60606
(312) 627-4000

Bruce B. Paul (*bpaul@mcbrayerfirm.com*)
McBrayer PLLC
500 West Jefferson Street Suite 2400
Louisville, KY 40202
(502) 327-5400

(12549.1) 4883-4074-1003, v. 1